# IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
# STATE OF MISSOURI

| | |
|---|---|
| PHYSICIANS HOME HEALTH INFUSION, P.C. ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> UNITEDHEALTHCARE OF THE MIDWEST, ) <br> INC., ) <br> ) <br> Serve ) <br> 13655 Riverport Drive ) <br> Maryland Heights, MO 63043, ) <br> ) <br> Defendant. ) | Cause No._____ <br><br> **JURY TRIAL DEMANDED** |

## PETITION

Plaintiff Physicians Home Health Infusion, P.C. ("Physicians Home"), by and through its undersigned counsel, hereby files this Petition against Defendant UnitedHealthcare of the Midwest, Inc. ("UHC"), and states and alleges as follows:

### General Statement

1. This is an action arising from UHC's ongoing refusal to properly pay for services rendered by Physicians Home to UHC's Medicare Advantage program enrollees (Physicians Home's patients). UHC's actions, if not halted, threaten the continued financial viability of Physicians Home and, consequently, the lives and health of UHC's Medicare Advantage program enrollees.

### Jurisdiction and Venue

2. Plaintiff Physicians Home is a Missouri corporation in good-standing, with its principal place of business located at 3400 Buttonwood Dr., Suite C, Columbia, Missouri 65201.

3. On information and belief, Defendant UHC is a domestic corporation, with its principal place of business located in Saint Louis County, Missouri, at 13655 Riverport Drive, Maryland Heights, Missouri 63043.

4. This Court has jurisdiction over UHC because UHC engaged in business with a Missouri corporation; failed to reimburse Physicians Home, a Missouri corporation; and thereby caused damages to Physicians Home in Missouri.

5. Venue is proper in Saint Louis County, Missouri because UHC resides here.

**Facts**

**A.     The Parties**

6. Physicians Home incorporates herein by reference the allegations contained in paragraphs 1- 5 above.

7. Physicians Home is a home healthcare agency that employs physicians and nurses to provide pain management services to patients diagnosed with chronic pain.

8. Specifically, Physicians Home employs nurses who are available twenty-four hours a day to provide specialized services related to spinal infusion, and who are trained to assist patients with pump management, rate adjustments, refills, troubleshooting, consultations, and training.

9. Physicians Home documents and charts the care it provides to its patients.

10. Physicians Home renders its pain management services to patients who are participants in group health insurance plans. These plans are provided by and contracted with various insurance carriers, including UHC.

11. UHC is a private health insurance agency that provides Medicare Advantage ("MA") plans and other health insurance plans to its members ("Members"). UHC's MA plans are approved by Centers for Medicare & Medicaid Services ("CMS").

### B.      Relationship between Physicians Home and UHC

12. Physicians Home is a "non-participating" or "out-of-network" provider under the terms of group health insurance policies issued and maintained by UHC to certain individuals that participate in Medicare Advantage, including certain Physicians Home patients ("UHC MA Patients").[1]

13. As a non-participating provider, neither Physicians Home nor its physicians are obligated to accept a pre-determined contract rate for services rendered to UHC Members and billed to UHC.

14. Prior to the rendering of any services, Physicians Home's patients sign an Admission Service Agreement and Patient Health Information Consent Form.

15. Pursuant to the Admission Service Agreement, Physicians Home is the assignee of its patients' benefits.

16. As assignee, the patients grant Physicians Home the right to directly receive their health benefit payments ("Assignment of Benefits").

17. After obtaining the Assignment of Benefits, Physicians Home rendered services to UHC MA Patients and other patients with different group insurance carriers.

18. Specifically, Physicians Home provided pain management services to UHC MA Patients and other patients through continuous spinal infusion of pain medication.

---

[1] The identity of the UHC MA Patients that Physicians Home serves and that have claims subject to the current dispute are known to UHC, but are not stated in this pleading in order to maintain confidentiality as mandated by HIPAA. Upon the entry of a HIPAA compliant protective order, and as necessary for the adjudication of this case, Physicians Home will submit under seal a list of the claims at issue.

3

SLC-8711804-2

19. After rendering these services, Physicians Home submitted requests for reimbursement to UHC and other group insurance carriers.

20. In submitting its requests for reimbursement, Physicians Home properly billed UHC and other carriers the usual and customary amount for the services rendered under the Healthcare Common Procedure Coding System (HCPCS) codes S9325 and S9328.

21. Under HCPCS's coding system, S9325 and S9328 identify services of home infusion therapy and pain management infusion. Both S9325 and S9328 are reimbursable under CMS guidelines.

22. For all the services rendered by Physicians Home to Medicare Advantage patients, all insurance carriers except UHC reimburse Physicians Home for the services submitted under the codes S9325 and S9328.

C. **UHC's Denial of Reimbursement and Physicians Home's Appeals to UHC**

23. Contrary to CMS guidelines, UHC has denied and continues to deny hundreds of claims for pain management services rendered by Physicians Home to UHC MA Patients. These services have been properly coded and submitted under the codes S9325 and S9328.

24. Upon receipt of UHC's denials for reimbursement, Physicians Home has appealed the denials, often several times, to UHC's Claims Department, UHC's Appeals and Grievance Department, and other UHC departments.

25. Once appealed, UHC sometimes has reversed their denials and reimbursed Physicians Home for the services rendered to its Members under the codes S9325 and S9328.

26. Physicians Home estimates that, since 2016, UHC has reversed their initial denial and reimbursed Physicians Home for over three hundred services coded S9325 and S9328.

27. When UHC reimbursed Physicians Home for services coded S9325 and S9328, UHC reimbursed Physicians Home $600 per service claim.

28. Physicians Home has relied on these corrections and reimbursements in continuing to provide services to other UHC MA Patients.

29. However, at other times, UHC has arbitrarily denied the appeals and instructed Physicians Home that it will not reimburse Physicians Home for the services rendered to its Members.

30. Upon receipt of this secondary denial, Physicians Home has sent letters and made phone calls to UHC requesting reimbursement and requesting an explanation for why UHC arbitrarily denied some appeals while accepting others.

31. Despite Physicians Home's repeated requests and demands, to date, UHC has not provided any information to adequately or even plausibly explain its arbitrary and contradictory conclusions regarding the reimbursement of services properly coded under the codes S9325 and S9328.

32. From January 1, 2016, to March 31, 2018, Physicians Home has billed UHC approximately $2,674,273.92 for services rendered to UHC MA Members.  UHC has failed to reimburse Physicians Health for well over half of this of this billed amount.  Currently, this amount continues to accrue, as Physicians Home continues to render pain management services to its patients enrolled in UHC MA Patients.

## COUNT I
## Breach of Contract

33. Physicians Home incorporates herein by reference the allegations contained in paragraphs 1-32 above.

34. UHC MA Patients entered a valid and enforceable written contract with UHC

whereby UHC agreed to provide the UHC MA Patients health insurance under UHC's Medicare Advantage plan.

35. Through the UHC MA Patients and Physicians Home's Admission Service Agreement, UHC MA Patients assigned their benefits under UHC's MA plan to Physicians Home, and instructed UHC to reimburse Physicians Home for health services rendered by Physicians Home.

36. Physicians Home fully and adequately performed under the Admission Service Agreement by treating UHC MA Patients and properly submitting requests for reimbursement to UHC for CMS-approved health services rendered to UHC MA Patients.

37. UHC breached the health insurance contract by refusing to reimburse Physicians Home for its services rendered to the UHC MA Patients.

38. Between January 1, 2016, and March 31, 2018, Physicians Home billed UHC a total of $2,674,273.92, and UHC failed to reimburse Physicians Health for well over half of this of this billed amount. To date, Physicians Home continues to bill and continues to incur amounts outstanding for services rendered to UHC MA Patients.

39. As a result of UHC's breach, Physicians Home, as assignee under UHC MA Patients' contracts, has suffered damages equal to the amount of unpaid claims submitted to UHC that remain unpaid, plus pre-judgment interest, which has been and is herein again demanded. The total amount of damages continues to accrue, but is well in excess of $500,000.

WHEREFORE, Plaintiff Physicians Home requests that this Court enter judgment against Defendant UHC in the amount in excess of $500,000 for damages related to the non-payment of goods and services, pre-judgment interest, post-judgment interest, court costs, and reasonable attorneys' fees, and grant any other relief the Court deems just and proper.

Electronically Filed - St Louis County - September 21, 2018 - 04:08 PM

## COUNT II
### Negligent Misrepresentation

40. Physicians Home incorporates herein by reference the allegations contained in paragraphs 1-32 above.

41. Under the terms of the Admission Service Agreement, UHC must reimburse Physicians Home for services rendered to UHC MA Patients.

42. At times, UHC has correctly reimbursed Physicians Home for services rendered to its UHC MA Patients in its regular course of business with Physicians Home.

43. Specifically, during their course of dealing, UHC has represented that these claims are reimbursable, and has reimbursed Physicians Home for service codes S9325 and S9328.

44. However, at times, UHC arbitrarily and sporadically changed its position and refused to reimburse Physicians Home for service codes S9325 and S9328.

45. Plead in the alternative to Count I, UHC failed to exercise reasonable care and provided Physicians Home with false information that service codes S9325 and S9328 were reimbursable.

46. UHC intended that Physicians Home would rely upon the representations and course of conduct between UHC and Physicians Home when Physicians Home elected to provide services to UHC MA Patients.

47. Physicians Home justifiably relied upon UHC's representations and course of conduct by rendering services to UHC MA Patients and billing UHC under the service codes S9325 and S9328.

48. As a result of UHC's representation and course of conduct, between January 2016 and March 31, 2018, Physicians Home billed UHC a total of $2,674,273.92 and well over half of this billed amount remains outstanding. To date, Physicians Home continues to bill and continues to incur amounts outstanding for services rendered to UHC MA Patients.

WHEREFORE, Plaintiff Physicians Home requests that this Court enter judgment against Defendant UHC in the amount in excess of $500,000 for damages related to the non-payment of goods and services, pre-judgment interest, post-judgment interest, court costs, and reasonable attorneys' fees, and grant any other relief the Court deems just and proper.

## COUNT III
### Quantum Meruit

49. Physicians Home incorporates herein by reference the allegations contained in paragraphs 1-32 above.

50. Physicians Home provides services to UHC MA Patients at the request of and with the knowledge of UHC.

51. The services provided by Physicians Home had reasonable value.

52. UHC MA Patients have accepted the services provided by Physicians Home.

53. Physicians Home bills UHC the customary and reasonable amount for each service coded S9325 and S9328.

54. On numerous occasions, UHC accepted and reimbursed Physicians Home for services coded S9325 and S9328, acknowledging that S9325 and S9328 are valid and reimbursable service codes.

55. On numerous occasions, UHC employees acknowledged over the phone and in letters that Physicians Home should be reimbursed for services coded S9325 and S9328.

Electronically Filed - St Louis County - September 21, 2018 - 04:08 PM

56. UHC thus had an implied promise to reimburse Physicians Home for the services rendered to UHC members.

57. However, UHC failed and refused to pay Physicians Home for some of the services coded S9325 and S9328 that Physicians Home provided to UHC MA Patients, despite Physicians Home's numerous appeals.

58. Physicians Home is entitled to be paid in a fair and reasonable amount for the goods and services it provided to UHC MA Patients.

WHEREFORE, Plaintiff Physicians Home requests that this Court enter judgment against Defendant UHC in the amount in excess of $500,000 for damages related to the non-payment of goods and services, pre-judgment interest, post-judgment interest, court costs, and reasonable attorneys' fees, and grant any other relief the Court deems just and proper.

## COUNT IV
### Unjust Enrichment

59. Physicians Home incorporates herein by reference the allegations contained in paragraphs 1-32 above.

60. By providing services to UHC MA Patients, Physicians Home conferred a benefit upon UHC.

61. By UHC MA Patients accepting the services rendered by Physicians Home, UHC appreciated a benefit.

62. UHC accepted and retained the benefit conferred upon it by Physicians Home under inequitable and/or unjust circumstances by failing to make the required payments to Physicians Home.

SLC-8711804-2

Electronically Filed - St Louis County - September 21, 2018 - 04:08 PM

63. As a result of the benefit conferred upon UHC, Physicians Home has suffered damages.

64. On information and belief, beginning January 2016 to March 31, 2018, Physicians Home has billed UHC a total of $2,674,273.92, and UHC failed to reimburse Physicians Health for well over half of this of this billed amount. To date, Physicians Home continues to bill and continues to incur amounts outstanding for services rendered to UHC MA Patients.

WHEREFORE, Plaintiff Physicians Home requests that this Court enter judgment against Defendant UHC in the amount in excess of $500,000 for damages related to the non-payment of goods and services, pre-judgment interest, post-judgment interest, court costs, and reasonable attorneys' fees, and grant any other relief the Court deems just and proper.

Respectfully submitted,

HUSCH BLACKWELL LLP

By: /s/Gregory J. Minana
Gregory J. Minana, #38004
Matthew D. Knepper, #61731
Mary K. Mullen, #70265
190 Carondelet Plaza,
Suite 600
St. Louis, MO 63105
(314) 480-1500
(314) 480-1505 (facsimile)

***Attorneys for Plaintiff Physicians Home Health Infusion, Inc.***