# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PHYSICIANS HOME HEALTH INFUSION, P.C., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case no. 4:18cv01959 PLC |
| UNITEDHEALTHCARE OF THE MIDWEST, INC., | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant UnitedHealthcare of the Midwest, Inc.'s ("UHC's") motion to stay discovery [ECF No. 66], Plaintiff Physicians Home Health Infusion, P.C.'s ("PHHI's") motion for leave to file corrected reply in support of its motion for sanctions [ECF No. 70], and PHHI's motion to amend the scheduling order [ECF No. 79]. With the exception of PHHI's motion for leave to file corrected reply in support of its motions for sanctions, the motions are opposed. The Court grants PHHI's unopposed motion without further discussion.

**I.  Background**

When PHHI's original complaint was pending, the Court entered, after conferring with counsel for both parties, a Case Management Order ("CMO") [ECF No. 26] establishing discovery, dispositive motion, and other deadlines for this case. In compliance with the CMO's deadline for amending pleadings, PHHI timely filed a first amended complaint [ECF No. 38].

In its first amended complaint, PHHI asserts several state law claims against UHC arising out of UHC's alleged failure consistently to approve PHHI's claims for reimbursement of spinal infusion services PHHI provides to patients suffering from chronic pain who have insurance

through a Medicare Advantage Plan (a Medicare Part C plan) provided by UHC. Specifically, the reimbursement claims at issue are those PHHI submitted to UHC for services designated by codes S9325 and S9328. PHHI seeks monetary and injunctive relief from UHC based on claims for breach of contract (Count I), negligent misrepresentation (Count II), unjust enrichment (Count III), quantum meruit (Count IV), and "preliminary and permanent injunction" (Count V).

In response to PHHI's first amended complaint, UHC filed a motion to dismiss [ECF No. 40] arguing: (1) the Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and (2) the first amended complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6). First, UHC contends that PHHI's state law claims "arise under" the Medicare Act and PHHI did not exhaust, and is not excused from exhausting, applicable administrative remedies. Second, UHC urges that PHHI's state law claims are pre-empted by 42 U.S.C. § 1395w-26(b)(3). PHHI counters that its claims do not arise under the Medicare Act and are collateral to a claim for Medicare benefits. Therefore, PHHI asserts, it need not exhaust administrative remedies before presenting its claims in federal court. PHHI additionally urges its claims are not pre-empted because it is not seeking application of standards contrary to federal standards.

Prior to the filing of the first amended complaint, PHHI requested a status conference to address UHC's objections to PHHI's effort pursuant to Rule 30(b)(6) to depose UHC's corporate representative[1] [ECF No. 31]. Additionally, the parties jointly moved for a protective order [ECF No. 35]. The Court conducted a status conference with the parties [ECF No. 36] and entered a protective order [ECF No. 39].

---

[1] In its request for a status conference, PHHI also sought guidance on UHC's allegedly "[i]nadequate [i]nitial and [f]irst [s]upplemental disclosures" [ECF No. 31].

Approximately one month later, PHHI filed a motion to compel regarding the Rule 30(b)(6) deposition. The Court granted the motion in part to require Defendant to produce a corporate representative to testify during a videotaped deposition and denied it in part [ECF No. 54]. UHC filed an "emergency motion for reconsideration" of the order compelling the deposition and a request for a hearing [ECF No. 55]. The Court held a telephone conference with the parties the day UHC filed its "emergency motion" [ECF No. 57] and granted the motion in part and denied it in part [ECF No. 59]. Approximately two weeks later, PHHI asked for a status conference to discuss UHC's "production of a completely unprepared witness for" the Rule 30(b)(6) deposition [ECF No. 60][2] and a motion for sanctions related to the Rule 30(b)(6) deposition [ECF No. 62]. The Court denied PHHI's request for a status conference without prejudice [ECF No. 61]. UHC opposes PHHI's motion for sanctions.

Shortly after PHHI filed its motion for sanctions, UHC filed a motion requesting a stay of discovery until the Court ruled the motion to dismiss the amended complaint[3] [ECF No. 66]. PHHI opposes UHC's motion to stay discovery.

Within the last month, PHHI filed a motion to compel UHC's responses to PHHI's first interrogatories and first request for production [ECF No. 77]. UHC opposes PHHI's motion to compel.

The same day that PHHI filed its motion to compel, PHHI filed a motion to amend the scheduling order until the Court resolves PHHI's motion for sanctions and UHC's motion to stay

---

[2] PHHI also mentioned in its request for a telephone conference that UHC had not provided responses to PHHI's first interrogatories and request for production of documents [ECF No. 60].

[3] UHC specifically asked that the stay of discovery remain in effect pending the later of either a ruling on the motion to dismiss or PHHI's "production to [UHC] of a list of the medical claims for which [PHHI] is seeking payment in this case." Def's mot. stay to stay discovery [ECF No. 66].

discovery [ECF No. 79]. UHC opposes PHHI's motion to amend the scheduling order [ECF No. 82].

**II. Motion to stay discovery**

UHC asks the Court to stay discovery until, in relevant part, the Court resolves the motion to dismiss because UHC "is likely to succeed on the merits of the motion to dismiss, [it] would face undue hardship and inequity if a stay is not granted, [PHHI] will suffer no prejudice by a stay, and judicial resources would be conserved if a stay were issued." Def.'s mot to stay discovery [ECF No. 66]. PHHI opposes the motion urging the parties' discovery efforts should continue because, regardless of the outcome of the pending motion to dismiss, "the discovery is inevitable [as PHHI will continue pursuing its claims in this Court or through the administrative process." Pl.'s opp'n motion to stay discovery at 1 [ECF No. 71].

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North Am. Co., 299 U.S. 248, 254 (1936); see also Contracting Nw., Inc. v. City of Fredericksburg, 713 F.2d 382, 387 (8th Cir. 1983) (addressing a stay pending arbitration and finding a district court has "the inherent power to grant [a] stay in order to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it"). The issuance of a stay is "an exercise of judicial discretion . . . dependent upon the circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 433 (2009) (discussing a stay pending adjudication of the petitioner's petition for review of a Board of Immigration Appeals' removal order) (internal quotation marks omitted) (quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672-73 (1926)). The litigant seeking the stay bears the burden of showing that the circumstances justify a stay. Id. at 433-34.

4

While the filing of a motion to dismiss is insufficient in and of itself to support a stay of discovery, Reinerio v. Bank of New York Mellon, No. 15CV-161-FDG, 2015 WL 4425856, at *6 (W.D. Mo. 2015), aff'd, 668 Fed. App'x 669 (8th Cir. 2016) (unpublished per curiam), a litigant may obtain a stay of discovery pending disposition of a motion to dismiss. See Nelson v. Maples, 672 Fed. Appx. 621, 621 (8th Cir. 2017) (unpublished per curiam opinion) (concluding "the district court did not abuse its discretion in granting a motion to stay discovery" while a motion to dismiss under Rules 12(b)(1) and 12(b)(6) was pending);[4] see also Fed. R. Civ. P. 26(c)(1) (providing that a "court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense"). The decision whether to stay discovery due to the pendency of a motion to dismiss "is generally practical and . . . left largely to the court's discretion." Dufrene v. ConAgra Foods, Inc., No. 15-cv-2796 (WMW/LIB), 2016 WL 10651947, at *2 (D. Minn. Apr. 7, 2016).

In resolving whether to stay discovery pending disposition of a motion to dismiss, a court considers various factors "including: (1) whether the movant has shown a likelihood of success on the merits of the dispositive motion; (2) hardship or inequity to the moving party if the matter is not stayed; (3) prejudice to the non-moving party [if the matter is stayed]; and (4) the conservation of judicial resources." Id. Put another way, a court considering a stay of discovery during the pendency of a motion to dismiss may consider the first, second and fourth factors listed in Dufrene, as well as: "the breadth of the pending discovery; the balance of harms in delaying discovery against the possibility that the motion [to dismiss] will dispose of the case; [and] the

---

[4] See Nelson v. Maples, No. 6:15-CV-03427-BCW, 2016 WL 9047149, at *1 (W.D. Mo. Feb. 3, 2016), aff'd, 672 Fed. Appx. 621 (8th Cir. 2017) (unpublished per curiam opinion), for the description of the motions to dismiss pending before the district court.

5

public interest." United States ex rel. Donegan v. Anesthesia Assocs. of Kansas City, PC, No. 4:12-CV-0876-DGK, 2014 WL 12618074, at *1 (W.D. Mo. Jan. 7, 2014) ("Donegan").

  A.  Likelihood of success on the merits UHC's motion to dismiss

UHC urges PHHI's state law "claims -- which all seek payment for services alleged[ly] provided to Medicare Advantage patients – arise under the Medicare Act as the Supreme Court has expansively interpreted that term." [ECF No. 67 at 7.] Furthermore, UHC asserts, PHHI has not and cannot plead "administrative exhaustion," and "does not meet a single one of the requirements necessary to waive the exhaustion requirement." [Id. at 8.] Therefore, UHC contends, "there is far more than a 'mere possibility' that the motion to dismiss the amended complaint will be decided in favor of [UHC]." [Id. at 7.]

PHHI counters that its state law claims "do not arise under the Medicare Act" but instead only present issues whether UHC's conduct "in denying and reimbursing identical claims caused" PHHI harm. [ECF No. 71 at 6.] Because the claims do not arise under the Medicare Act, Plaintiff urges, "exhaustion is not at issue." [Id. at 5-6 (emphasis in original).]

To satisfy the "likelihood of success" factor for a stay of discovery, a litigant "must show more than the mere possibility" of success on its motion to dismiss, but "is not required to demonstrate a greater than fifty percent probability" that the motion to dismiss will be successful. Dufrene, 2016 WL 10651947, at *3. For purposes of UHC's motion to stay only,[5] and having reviewed the amended complaint and UHC's motion to dismiss that complaint, the Court concludes it is more than merely possible that the motion to dismiss will be successful based on the following analysis.

---

[5] This Order does not constitute a resolution of issues in the pending motion to dismiss, which requires further consideration based on the allegations in the first amended complaint and the parties' materials addressing the motion to dismiss.

"Judicial review of claims arising under the Medicare Act is available only after the Secretary renders a final decision on the claim, in the same manner as is provided in 42 U.S.C. Section 405(g) for old age and disability claims arising under Title II of the Social Security Act." Heckler v. Ringer, 466 U.S. 602, 605 (1984). Sentence three of 42 U.S.C. § 405(h), which was made applicable to the Medicare Act by 42 U.S.C. § 1395ii, makes 42 U.S.C. "§ 405(g) . . . the sole avenue for judicial review for all 'claims arising under' the Medicare Act." Id. at 614-15. Sentence three of 42 U.S.C. § 405(h) provides: "No action against the United States, the [Secretary of the Department of Health and Human Services], or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." 42 U.S.C. § 405(h); 42 U.S.C. § 1395ii. The Eighth Circuit has held "the jurisdictional bar imposed by sentence three of [42 U.S.C.] § 405(h) extends to claims based on diversity of citizenship." Midland Psychiatric Assocs., Inc. v. United States, 145 F.3d 1000, 1004 (8th Cir. 1998) ("Midland") (addressing, in relevant part, a service provider's tortious-interference-with-contract claim against a Medicare insurance carrier for denying Medicare claims submitted for the provider's services).

The Eighth Circuit in Midland found that "[a] claim may arise under the Medicare Act even though, as pleaded, it also arises under some other law," and a claim arises under the Medicare Act "if it is 'inextricably intertwined' with a Medicare benefits determination." Id. (quoting Ringer, 466 U.S. at 460-61). In affirming the district court's dismissal of the provider's tortious-interference-with-contract claim against the Medicare carrier as jurisdictionally barred under sentence 3 of 42 U.S.C. § 405(h), the Eighth Circuit concluded the claim arose under the Medicare Act because "[a]t bottom, [the medical provider serving Medicare patients] is claiming [the Medicare carrier] should have paid for [the provider's] services." Id. Due to the plaintiff's failure

7

to exhaust administrative remedies, the Eighth Circuit found the district court did not have the power under the Medicare Act to review the merits of the insurer's Medicare claims decisions, which review would be required to resolve the tortious interference claim. Id. at 1002.

Here, PHHI seeks monetary relief "related to the non-payment of goods and services" in Counts I (breach of contract claim), III (quantum meruit claim), and IV (unjust enrichment claim) of its first amended complaint. In Count V, Plaintiff seeks an injunction preventing UHC "from wrongfully denying claims for services" under the two specified codes at issue in this case. Under Midland, supra, those four claims may be "inextricably intertwined" with Medicare Act claims and "arise under the Medicare Act." PHHI's negligent misrepresentation claim in Count IV may also arise under the Medicare Act under the authority of Bodimetric Health Servs., Inc. v. Aetna Life & Cas. Co., 903 F.2d 480, 482-83 (7th Cir. 1990) (finding a negligent misrepresentation claim arose under the Medicare Act).

If PHHI's pending state law claims arise under the Medicare Act, then PHHI had to exhaust administrative remedies, and obtain a final decision from the Secretary, before presenting the claims in federal court. See 42 U.S.C. § 405(g). PHHI has not alleged exhaustion of remedies beyond those available through UHC itself, and the Court's review of the parties' motion to dismiss materials and first amended complaint does not show a persuasive basis for excusing PHHI's failure to obtain a final administrative decision before presenting its claims in this Court. See Titus v. Sullivan, 4 F.3d 590, 592 (8th Cir. 1993) (setting forth the three requirements for waiving administrative requirements under § 405(g)).

At this stage, PHHI's argument that its claims do not arise under the Medicare Act and do not require the Court to ascertain whether the two codes at issue were payable under the Act are not persuasive in light of the above-cited case law. Under the circumstances and for purposes of

8

the motion to stay discovery only, UHC has shown a likelihood of success on the merits of its motion to dismiss. Therefore, this factor weighs in favor of granting a stay of discovery.

B. <u>Hardship or inequity to litigant seeking the stay</u>

UHC states its efforts to comply with PHHI's Rule 30(b)(6) deposition notice and PHHI's failure to provide a list of the relevant reimbursement claims at issue in this case (that PHHI stated in its original and first amended complaints it would provide after the Court entered a protective order)[6] are causing UHC to incur expenses and effort that may be eliminated if its motion to dismiss is successful. PHHI contends expenses incurred by UHC in responding to PHHI's Rule 30(b)(6) deposition notice are due to UHC's own conduct. Further, Plaintiff counters that there is little point to staying discovery based on the pendency of a Rule 12(b)(1) motion to dismiss because, even if the Court grants UHC's motion to dismiss, the discovery acquired in this lawsuit may be used in the administrative proceeding. PHHI does not cite authority for the proposition that discovery in this case, in particular the Rule 30(b)(6) deposition testimony, may be used in any administrative proceedings that may occur if dismissal is granted. PHHI does, however, cite <u>Charvat v. NMP, LLC</u>, No. 2:09-cv-209, 2009 WL 3210379 (S.D. Ohio Sept. 30, 2009) and <u>Zavadzan v. City of New York</u>, No. CV-07-1047 (ARR) (VVP), 2008 WL 2074087 (E.D. N.Y. May 14, 2008), in support of its position that a stay is inappropriate when a Rule 12(b)(1) motion to dismiss is pending.

In <u>Charvat</u>, the Southern District of Ohio stated "[a]ny discovery taken while a motion [under Rule 12(b)(1)] is pending would . . . be available for the parties to use if the case is dismissed other than on the merits and then refiled in a Court where subject matter or personal jurisdiction is proper." <u>Charvat</u>, 2009 WL 3210379, at *2. In <u>Zavadzan</u>, the Eastern District of New York

---

[6] <u>See</u> Pl.'s complt. at 3 n.1 [ECF No. 4]; Pl.'s first am. compl. at 3 no. 1 [ECF No. 38].

considered unspecified federal claims that were the subject of a motion to dismiss for lack of subject matter jurisdiction due to the plaintiff's failure to exhaust administrative remedies before filing the lawsuit. Zavadzan, 2008 WL 207487, at *1. The defendants in Zavadzan sought "a stay of further discovery pending a decision on the motion" to dismiss. Id. The court noted that the plaintiffs "advanced substantial arguments that . . . the court . . . retains subject matter jurisdiction to entertain at least some [of] their federal question claims," which are not subject to an administrative exhaustion requirement, and the plaintiffs advised that they had exhausted previously unexhausted administrative remedies. Id. Therefore, the Eastern District of New York found "no point in staying discovery" because "all of the claims in the present complaint . . . will be proceeding, whether in this action or in some other action." Id.

While the argument that a pending Rule 12(b)(1) motion does not necessarily support a stay of discovery when the dismissed claims may be filed in another court is persuasive, it is not as persuasive when, as here, the dismissal may result in the pursuit of administrative proceedings that may not allow consideration of information acquired through discovery, such as the Rule 30(b)(6) deposition. Absent PHHI's citation of authority allowing use of discovery acquired in this lawsuit during any administrative proceedings that may be required prior to judicial review of PHHI's claims, the Court finds this factor weighs, at least minimally, in favor of granting a stay. See Dufrene, 2016 WL 10651947, at *4 (assessing the costs the proponent of the stay may incur in responding to discovery, such as a Rule 30(b)(6) deposition, during the pendency of its potentially meritorious dispositive motion in light of the general principle that "courts disfavor the proliferation of litigation costs associated with potentially unnecessary litigation").

    C. Prejudice to the non-moving party

UHC asserts that PHHI is not prejudiced by a stay because discovery is not needed to address the motion to dismiss. UHC's 12(b)(1) motion presents a facial challenge, rather than a factual challenge, to the Court's subject matter jurisdiction. See Titus, 4 F.3d at 593 (distinguishing between a facial challenge and a factual challenge to a court's subject matter jurisdiction). For a facial challenge, a court "restricts itself to the face of the pleadings . . . and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). Based on the requirement the Court focus on the allegations in the first amended complaint to resolve UHC's motion to dismiss, there is no need for discovery either to consider PHHI's position regarding the motion to dismiss or to resolve the motion.

PHHI asserts it is prejudiced by a stay of discovery because it continues to service patients and submit claims under codes S9325 and S9328 that UHC inconsistently grants or denies. PHHI's need to provide services, submit claims under the two codes, and pursue appeals of any denials of those claims, however, exists regardless of whether the Court stays discovery. Nothing about the issuance of a stay of discovery in this case precludes PHHI from submitting such claims or pursuing its appeal(s) of UHC's decisions. Nor does any stay of discovery in this proceeding adversely affect those submissions or appeals. Nor does an absence of a stay of discovery enhance PHHI's claims submission and appeal effort.

Under the circumstances, this factor does not weigh against granting a stay.

D. Conservation of judicial resources

"In determining whether a stay of discovery until the resolution of a pending dispositive motion would conserve judicial resources, a court examines the breadth of any pending discovery and whether the pending dispositive motion has the potential to resolve the litigation." Dufrene,

11

2016 WL 10651947, at *4. In Dufrene, the District Court of Minnesota found the motion to dismiss would resolve the entire case and "none of the discovery that is currently pending pertains to an issue that would not be resolved if [the d]efendant's motion to dismiss is granted." Id. Therefore, the court concluded, "the pending motion to dismiss . . . has the potential to resolve all of the issues to which the currently pending discovery is relevant [and] this factor weighs in favor of granting the requested stay." Id.

UHC asserts this factor supports a stay. PHHI did not explicitly discuss this factor. Under the circumstances, due to the potential for success of the pending motion to dismiss, the fact all the claims will be resolved if the motion to dismiss is granted, and the Court's experience with the parties' discovery efforts in the instant lawsuit, this factor weighs in favor of granting the motion to stay.

Having considered the relevant factors, as set forth in Dufrene and Donegan,[7] the Court grants UHC's motion to stay discovery pending disposition of UHC's motion to dismiss and otherwise denies the motion to stay discovery.

**III. Motion to amend the scheduling order**

---

[7] In Donegan, a Medicare fraud case cited by PHHI, the Western District of Missouri denied the defendant's motion to stay discovery while an unspecified motion to dismiss was pending. Donegan, 2014 WL 12618074. In reaching its decision, the court could not "say [the d]efendant is likely to prevail on the motion to dismiss or that absent a stay [the d]efendant will be irreparably harmed" and found "the interests of judicial economy weigh[ed] against granting the stay." Id. at 1. Donegan is factually distinguishable and does not support denial of a stay in the instant lawsuit.

PHHI also cited several other distinguishable decisions issued by the Eastern District of Missouri: Dunne v. Resource Converting, LLC, No. 4:16CV1351 DDN, 2018 WL 746300 (E.D. Mo. Feb. 7, 2018) (denying a motion to stay pending trial of a case in the Southern District of Iowa, while providing on the court's own motion "that the parties in the case before this Court are directed to take no further action in this case that would impede the . . . trial setting of the case in Iowa"); Covington v. Janssen Pharm., Inc., No. 4:17cv1588 SNLJ, 2017 WL 3433611, at *3 (E.D. Mo. Aug. 10, 2017) (denying a motion to stay proceedings on a pending motion to dismiss until the Court resolved a pending motion to remand); Boswell v. Panera Bread Co., 311 F.R.D. 515, 526 (E.D. Mo. 2015) (denying a motion to stay proceedings pending a decision by the United States Supreme Court in a different case).

PHHI seeks an extension of the discovery and dispositive motion filing deadlines until the Court resolves UHC's motion to stay and PHHI's motion for sanctions [ECF No. 79]. PHHI also asks that the Court give the parties seven days after disposition of those two motions for the parties "to confer and [submit] an Amended [CMO] with new . . . deadlines." UHC counters that, if the Court denies UHC's motion to dismiss, UHC "will confer with [PHHI] regarding the current scheduling order to mutually agree on new deadlines" and "then submit [a] proposed scheduling order to the Court" [ECF No. 82 at 4].

Due to the stay of discovery, the Court vacates the discovery and dispositive motion filing deadlines in the CMO. If this case remains pending after the Court resolves the motion to dismiss, then, within twenty-one days after the Court resolves the motion to dismiss, the parties shall confer regarding their proposed new discovery and other deadlines and submit their proposed scheduling order for the Court's consideration. Therefore, the Court grants PHHI's motion to amend scheduling order in part.

After careful consideration,

**IT IS HEREBY ORDERED** that PHHI's unopposed motion for leave to file corrected reply in support of its motion for sanctions [ECF No. 70] is **GRANTED**.

**IT IS FURTHER ORDERED** that UHC's motion to stay discovery [ECF No. 66] is **GRANTED in part** and otherwise **DENIED**.

**IT IS FURTHER ORDERED** that discovery is **STAYED** pending resolution of UHC's motion to dismiss.

**IT IS FURTHER ORDERED** that PHHI's motion to amend the scheduling order [ECF No. 79] is **GRANTED in part** and otherwise **DENIED**.

**IT IS FURTHER ORDERED** that the discovery and dispositive motion filing deadlines set forth in the CMO are **VACATED** to be reset, as necessary, after disposition of UHC's motion to dismiss.

**IT IS FINALLY ORDERED** that, as necessary, within twenty-one days after disposition of UHC's motion to dismiss, the parties shall confer regarding their proposed new discovery and dispositive motion filing deadlines and submit their joint proposed scheduling order for the Court's consideration. At this point, the trial date and deadlines related to the trial date remain in full force and effect.

_/s/ Patricia L. Cohen_
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of September, 2019